IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-CV-535-BO-BM

| | |
|---|---|
| ASHLEIGH CHATMAN,<br>　　　　　Plaintiff, | )<br>)<br>) |
| v. | )　　　　O R D E R<br>) |
| N-ABLE TECHNOLOGIES, INC.,<br>　　　　　Defendant. | )<br>)<br>) |

This cause comes before the Court on defendant's motion to dismiss. Plaintiff, who is represented by counsel, has failed to respond to the motion to dismiss and the time for doing so has expired. In this posture, the motion is ripe for ruling. For the reasons that follow, the motion to dismiss is granted.

## BACKGROUND

Plaintiff instituted this action, through counsel, by filing a complaint against defendant in Wake County Superior Court. [DE 1-1]. In her complaint, plaintiff alleges that defendant discriminated against her and harassed her in violation of Title VII of the Civil Rights Act of 1964. Defendant removed the complaint to this Court on the basis of its federal question jurisdiction. [DE 1]; 28 U.S.C. §§ 1331; 1441.

On September 19, 2024, the Clerk of Court notified all counsel in this case that they should file a notice of appearance. The instant motion was filed on September 25, 2024. Plaintiff's counsel has failed to notice an appearance in this case and failed to respond to the motion to dismiss. On October 18, 2024, defendant filed a certificate of service of its motion to dismiss, demonstrating service on plaintiff's counsel by U.S. Mail and electronic mail.

Plaintiff is a black female. Compl. ¶ 8. Plaintiff applied for and was hired as a Partner Success Operations Manager by defendant, though she alleges that after she was hired her job titled was changed to "associate" while other non-protected class members were given the title of manager. *Id.* ¶ 12. In March 2023, plaintiff began to notice she was being treated differently based on her race, color, and national origin. *Id.* ¶ 11. In September 2023, plaintiff was invited to a leadership summit, but her colleagues left without her. *Id.* ¶ 15.

In October 2023, David Godshell, who is white, commented to plaintiff on the telephone that he would "run 'them' down and whip them" if employees did not align with the processes he put in place. *Id.* ¶ 17. Plaintiff went to a manager but was told not to go to HR, she was told by a Director, Marium Jackson, that she must accept the comment and not complain further, and she was further told that she would need to meet with another black employee to discuss cultural differences. *Id.* ¶¶ 18-21. Plaintiff informed HR that she was not comfortable working with Jackson or Godshell and was told there was nothing that could be done. *Id.* ¶ 23. Plaintiff also requested that her job title be corrected and her request was denied. *Id.* ¶ 24. Following this incident, plaintiff began to experience, among other things, sleeplessness, headaches, a cloudy mind, and being scared and anxious. *Id.* ¶ 26.

Plaintiff alleges a single cause of action captioned "Title VII Discrimination and Harassment" in which she describes race discrimination in violation of Title VII.

## DISCUSSION

Defendant seeks to dismiss the complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the

2

Case 5:24-cv-00535-BO-BM    Document 12    Filed 12/23/24    Page 2 of 5

complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility means that the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must be dismissed if the factual allegations do not nudge the plaintiff's claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

The failure to respond to a motion to dismiss permits a court to grant the motion based upon "the uncontroverted bases asserted therein." *Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004). However, the court must still "review the motion[] to ensure that dismissal is proper." *Stevenson v. City of Seat Pleasant, Md.*, 743 F.3d 411, 416 n.3 (4th Cir. 2014).

First, plaintiff makes a single, passing reference to the Age Discrimination in Employment Act (ADEA). The Court agrees with defendant that this is likely a typographical error.

Plaintiff describes her sole claim for relief as one for both discrimination and harassment under Title VII. However, in support of her claim, plaintiff recites the prima facie elements only for race discrimination under Title VII. Compl. ¶¶ 30-34. Accordingly, the Court construes plaintiff's complaint, drafted by counsel, to allege only a claim for race discrimination in violation of Title VII. *See U.S. ex rel. Bunk v. Gosselin World Wide Moving, N.V.*, 741 F.3d 390, 405 (4th Cir. 2013) (the plaintiff determines which claims to bring).[1]

---

[1] Alternatively, the Court adopts defendant's argument that plaintiff failed to exhaust claims for national origin discrimination and hostile work environment by failing to present them first to the EEOC. Plaintiff has further failed to identify her national origin or provide any allegations in support of this claim.

While a plaintiff does not need to plead facts which would establish a prima facie case of discrimination to survive a motion to dismiss, she must "allege facts to satisfy the elements of a cause of action created by [the] statute[.]" *McCleary-Evans v. Maryland Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015). Additionally, "reference to the elements of a Title VII claim is helpful to gauge the sufficiency of the allegations." *Gaines v. Balt. Police Dep't*, 657 F.Supp.3d 708, 734 (D. Md. 2023).

Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, prohibits employment discrimination based on race, color, religion, sex, or national origin. A prima facie case of race-based discrimination requires a plaintiff to establish "(1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action . . .; and (4) that similarly-situated employees outside the protected class received more favorable treatment." *White v. BFI Waste Servs., LLC*, 375 F.3d 288, 295 (4th Cir. 2004).

Plaintiff has failed to plausibly allege any adverse employment action. "An adverse employment action is a discriminatory act that adversely affects the terms, conditions, or benefits of the plaintiff's employment." *Holland v. Wash. Homes, Inc.*, 487 F.3d 208, 219 (4th Cir. 2007) (cleaned up). Though she alleges that she was given an "associate" rather than "manager" title after she was hired, she does not allege that this discrepancy had a "significant detrimental effect" on her employment, or that it resulted in "any decrease in compensation, . . . level of responsibility, or opportunity for promotion[.]" *Id.* (citation omitted). The same is true for plaintiff's allegation that she was invited to attend a conference but that her colleagues left without her.

Nor has plaintiff plausibly alleged that there is direct evidence of discrimination, as an alternate "avenue of proof" for her Title VII claim. *Hill v. Lockheed Martin Logistics Mgmt., Inc.*,

4

354 F.3d 277, 284 (4th Cir. 2004); *see also Bing v. Brivo Sys.*, LLC, 959 F.3d 605, 617 n.8 (4th Cir. 2020).

> Direct evidence "is evidence which, if believed, would prove the existence of a fact without any inference or presumptions." It is evidence of conduct or statements that reflect the alleged discriminatory attitude and that bear directly on the contested employment decision.

*Walton v. Harker*, 33 F.4th 165, 176–77 (4th Cir. 2022) (citations omitted). Here, plaintiff relies on Godshell's comment that employees who did not "align with his processes" would be "run . . . down and whip[ped]" as direct evidence of discrimination. Compl. ¶¶ 16; 33. Godshell's comment, however, requires at least some inference or presumption to show discriminatory attitude, and it is further not tied to any alleged adverse employment action.

In sum, the Court has reviewed the complaint in light of the applicable standards and determines that plaintiff has failed to state a claim or claims upon which relief can be granted. The complaint is therefore properly dismissed.

## CONCLUSION

Accordingly, for the foregoing reasons as well as those outlined by defendant in its motion, defendant's motion to dismiss [DE 8] is GRANTED. Plaintiff's complaint is DISMISSED and the clerk is DIRECTED to close the case.

SO ORDERED, this 20 day of December 2024.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE